Carol ENGLISH, Guardian of Obadiah Thomas Herring, Minor Helen Herring and J.P. Herring, Plaintiffs,

v.

Father Vance Zebulon THORNE, the Catholic Diocese of Jackson, the Roman Catholic Church, d/b/a the Congregation of the Holy Ghost Parish of the Catholic Diocese of Jackson, Holy Ghost Catholic School, the Society of the Divine Word Southern Provence of St. Augustine, a Mississippi Corporation, Divine Word Missionaries, Southern Provence of St. Augustine, an Unincorporated Association, or an Incorporated Association, the National Conference of Catholic Bishops, the United States Catholic Conference, Inc. Holy See (Vatican), a Foreign Country, and Does 1–100, Defendants.

No. J87–0139(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 10, 1987.

Isaac Byrd, Jr., Jackson, Miss., for plaintiffs.

Whitman B. Johnson, III, Steen, Reynolds, Jackson, Miss., for Congregation, Catholic Church and School.

Douglas E. Levanway, George Q. Evans, Wise, Carter, Jackson, Miss., for Divine Word.

P.M. Harkins, III, Watkins & Eager, Jackson, Miss., for Vatican.

Samuel H. Wilkins, Jackson, Miss., for Thorne.

Lawrence J. Franck, Thomas E. Williams, Butler, Snow, Jackson, Miss., for Catholic Diocese of Jackson.

Edmund L. Brunini, Jr., Joshua J. Wiener, Brunini, Grantham, Jackson, Miss., Mark E. Chopko, Gen. Counsel, U.S. Catholic Conference, Washington, D.C., for Conference of Catholic Bishops and Catholic Conference.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant The State of the City of the Vatican (Vatican) to dismiss or quash process. Plaintiffs have timely responded to the motion and the court has considered the motion and memoranda of authorities submitted by the parties in connection with the motion.

Plaintiffs filed this action alleging tortious conduct by a Catholic priest, Father Vance Zebulon Thomas, while serving as pastor of the Holy Ghost Parish in Jackson, Mississippi. In addition to their allegations against the priest, the plaintiffs seek to impose liability upon the various other defendants, including the Vatican, based upon allegations that they negligently employed, retained and reassigned Thomas as pastor of The Holy Ghost Parish of the Catholic Diocese of Jackson, either directly or indirectly, as agents for the other; in addition, it is alleged that the defendants breached their fiduciary and professional duties and responsibilities to plaintiffs. The Vatican has now moved to dismiss this action or in lieu thereof to quash any purported return of service of summons upon the grounds that it is a foreign state and is not subject to service of process within the Southern District of Mississippi and that it has not been properly served with process in this action. The motion to dismiss is further based on an alleged lack of both personal and subject matter jurisdiction over the Vatican.

1. Plaintiffs have attempted service of process under various state statutes and, in particular, the Mississippi long-arm statute, Miss. Code Ann. § 13-3-57 (1972). However, service in this case is governed by 28 U.S.C. § 1608, the service of process provision of the Foreign Sov-

Federal jurisdiction in this case is predicated solely on 28 U.S.C. § 1330 (Supp. 1987) which provides that

(a) The district courts shall have original jurisdiction ... of any nonjury civil action against a foreign state ... as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity, either under sections 1605–1607 of this title or under any applicable international agreement.

(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service of process has been made under section 1608 of this title

In response to the motion to dismiss, plaintiffs concede that proper service of process upon the Vatican was not effected,[1] and further admit that absent proper service of process on the Vatican, there is no basis for federal jurisdiction in this case inasmuch as the sole jurisdictional basis alleged is section 1330. However, plaintiffs have requested that the court, rather than dismiss the action, grant additional time within which to effectuate service of process; alternatively, plaintiffs request that should the court, rather than granting additional time for service of process, dismiss for lack of subject matter jurisdiction, it should dismiss without prejudice to the plaintiffs' refiling their suit in a state court of competent jurisdiction.

Although the court could simply quash process and grant plaintiffs time to serve the Vatican properly in light of plaintiffs' having acknowledged the deficiency of service, the court chooses not to take so narrow a view of the present motion. That is, issues are raised by defendants apart from the insufficiency of process which deserve consideration and resolution by the court.

■ Under section 1330(a), district courts have subject matter jurisdiction over

ereign Immunities Act, 28 U.S.C. §§ 1603–1610 (Supp. 1986). The procedures or methods of service set forth in section 1608 vary markedly from the state statutes under which plaintiff sought to obtain service of process.

claims against a foreign state only if the foreign state does not enjoy immunity from suit under 28 U.S.C. §§ 1605–07. The immunities provisions referred to in section 1330(a) are part of a broader congressional enactment known as the Foreign Sovereign Immunities Act (FSIA), codified at 28 U.S.C. §§ 1602–1610 (Supp. 1986), governing jurisdictional immunities of foreign states. As to foreign states, both subject matter jurisdiction and personal jurisdiction depend on the substantive provisions of the FSIA, which set forth comprehensive rules governing sovereign immunity. *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 495 n. 22, 103 S.Ct. 1962, 1972, n. 22, 76 L.Ed.2d 81 (1983). The basic premise of the Act is that a foreign state is immune from the jurisdiction of American courts; then, exceptions to the general rule of immunity are recognized in cases involving waiver of immunity, admiralty cases, certain commercial transactions, cases concerning rights to immovable property situated in the United States, and certain actions based in tort. *See* 28 U.S.C. § 1605; *see also Frolova v. Union of Soviet Socialist Republics,* 558 F. Supp. 358 (N.D.Ill. 1983), *aff'd,* 761 F.2d 370 (7th Cir.1985). Under the Act, immunity is the rule, not the exception. Thus, unless one of the specified exceptions to sovereign immunity applies, the federal courts of the United States lack both statutory subject matter jurisdiction under 28 U.S.C. § 1330(a) and personal jurisdiction under 28 U.S.C. § 1330(b). *Verlinden,* 461 U.S. at 485 n. 5, 103 S.Ct. at 1967 n. 5.

In the present case, the immunity exception upon which plaintiffs must rely is found at 28 U.S.C. § 1605(a)(5) which subjects foreign states to jurisdiction of United States courts in cases in which

> "money damages are sought against a foreign state for personal injury or death ... occurring in the United States and caused by a tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment."

This exception, however, is specifically made inapplicable to "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused...." 28 U.S.C. § 1605(a)(5)(A).

Under the discretionary function exception of section 1605(a)(5)(A), a foreign state is not subject to jurisdiction in this court for tort claims based upon discretionary functions which include those acts or decisions made at the policy-making or planning level of government. *Olsen by Sheldon v. Government of Mexico,* 729 F.2d 641, 645 (9th Cir.), *cert. denied,* 469 U.S. 917, 105 S.Ct. 295, 83 L.Ed.2d 230 (1984). It has been recognized that cases construing the "discretionary function" exception under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680 (1982), are applicable to the FSIA, inasmuch as the FTCA exception served as a model for the FSIA exception. *See* H.R.Rep. No. 1487, 94th Cong., 2d Sess., *reprinted in* 1976 U.S. Code Cong. & Ad. News 6604, 6620; *see also MacArthur Area Citizens Ass'n v. Republic of Peru,* 809 F.2d 918, 921–22 (D.C. Cir.1987). In interpreting or defining the scope of the discretionary function exception in the context of the FTCA, the United States Supreme Court has found "discretion" to mean

> more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operation. *Where there is room for policy judgment and decision there is discretion.*

*Dalehite v. United States,* 346 U.S. 15, 35–36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953) (emphasis supplied). Upon careful review of the complaint in this cause, the court is unable to discern any alleged conduct by the Vatican which does not involve the performance of a discretionary function. The complaint contains nothing more than general allegations that the defendants, directly or indirectly, negligently employed, retained and reassigned defendant Thorne as pastor of The Holy Ghost Parish of the Catholic Diocese of Jackson and breached their fiduciary and professional duties and responsibilities to the plaintiffs, which constituted clerical, religious and ed-

ucational malpractice. Accordingly, as to the Vatican, the complaint appears to be an attempt to challenge the policies and/or procedures utilized by the Vatican in instructing or ordaining its priests, matters which are undeniably of a policy-making nature and clearly discretionary functions.

Moreover, the Vatican is not subject to jurisdiction in this court inasmuch as the conduct complained of by the Vatican did not occur within the confines of the United States. While the tort exception to sovereign immunity under the FSIA requires that the *injury* complained of must have occurred in the United States, the provision is silent as to the situs of the alleged tortious acts. The legislative history of this exception, however, indicates that the *conduct* complained of must also have occurred in the United States. *See* 1976 U.S. Code Cong. & Ad. News 6619 (tortious act or omission must occur within the jurisdiction of the United States); *see also Persinger v. Islamic Republic of Iran,* 729 F.2d 835 (D.C. Cir.), *cert. denied,* 469 U.S. 881, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984) (necessary that both tort and injury occur in United States to avoid defense of sovereign immunity). The plaintiffs in this case attempt to impose liability upon the Vatican for the acts of a priest in Jackson, Mississippi simply by virtue of the position of the Vatican as the head of the ecclesiastical hierarchy. Clearly, any of the alleged acts or omissions by the Vatican would not have occurred within the jurisdiction of the United States, but rather within the confines of the Vatican. Based on the foregoing, the court is of the opinion that the Vatican is immune from suit in this court and subject matter jurisdiction does not exist.

In addition to the lack of subject matter jurisdiction, the Vatican contends the court is without personal jurisdiction since personal jurisdiction does not exist in cases where the foreign state enjoys immunity under the FSIA. *See* 28 U.S.C. § 1330(b). As the court is of the opinion

that the Vatican is immune from suit by virtue of the FSIA, it follows that this court may not exercise in personam jurisdiction over the Vatican.

In conclusion, since the Vatican is a foreign state and the present controversy does not come within any of the exceptions to sovereign immunity enumerated under the FSIA, this court lacks both subject matter jurisdiction and personal jurisdiction. The motion of the Vatican to dismiss should therefore be granted. The sole basis for subject matter jurisdiction alleged by plaintiffs as to *all* named defendants is 28 U.S. C. § 1330; since the court lacks jurisdiction under that provision, this cause must be dismissed, not only as to the Vatican, but as to all defendants.[2] *See* 27 *Fed.Prac., L.Ed.* § 62:443 (1984) (court can dismiss sua sponte for lack of federal subject matter jurisdiction).

Accordingly, it is ordered that the motion of the Vatican to dismiss is granted. Further this cause must be dismissed in its entirety for lack of subject matter jurisdiction. A separate judgment of dismissal whall be submitted in accordance with Federal Rule of Civil Procedure 58.

---

**2.** If none of the FSIA exceptions to sovereign immunity applies, a federal district court may exercise subject matter jurisdiction in a case involving a foreign state. If the claim does not fall within one of the exceptions, the federal

court lacks subject matter jurisdiction, and in such a case, the foreign state is also ensured immunity from the jurisdiction of state courts. *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983).